IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN J. PHILIPS | : | CIVIL ACTION |
| v. | : | |
| NICOLE S. MUN, et al. | : | NO. 14-6641 |

MEMORANDUM

QUIÑONES ALEJANDRO, J.                                   DECEMBER 17, 2014

Plaintiff Benjamin J. Philips (Plaintiff) brings this action against his ex-wife, her attorney, and the attorney's law firm, and seeks to proceed *in forma pauperis*. For the reasons set forth, the Court will grant Plaintiff leave to proceed *in forma pauperis* and dismiss the amended complaint.[1]

I.   FACTS

Plaintiff and his ex-wife, Nicole S. Mun, divorced in 2005. However, their legal battles over custody and other matters continued past the divorce and resulted in years of litigation in the state courts. Among other things, in the amended complaint, Plaintiff accuses Mun of conspiring with her attorney to defraud the court in various domestic relations matters to justify a level of child support that Plaintiff is incapable of paying. As a result, Plaintiff has consistently been in arrears on his child support payments, causing Mun to have him arrested and incarcerated and/or threatened with incarceration on several occasions. He also alleges that Mun will not allow him to see his children.

---

[1] The Court denied Plaintiff's initial motion to proceed *in forma pauperis* without prejudice to him filing an amended motion. Plaintiff returned with an amended motion to proceed *in forma pauperis* and submitted an amended complaint with his motion. The amended complaint is, therefore, the governing pleading in this case.

1

Plaintiff recently filed civil actions against Mun in state court in Schuylkill County and Montgomery County. Mun hired Arlen R. Day of the Law Office of Fanelli, Evans & Patel, PC, to represent her in connection with those proceedings. Attorney Day recently contacted Plaintiff to discuss a settlement. Plaintiff alleges that, when settlement negotiations broke down, Day advised Mun to have Plaintiff arrested in retaliation for having filed the lawsuits. Although Mun went to the police, it does not appear that Plaintiff was arrested on Mun's complaint. Mun also unsuccessfully sought a protection from abuse order. Plaintiff notes that Mun had previously sought protection from abuse orders against him—also without success—and previously had him arrested and incarcerated for harassment.

Plaintiff initiated the instants lawsuit against Mun, Attorney Day, and the Law Office of Fanelli, Evans & Patel, PC, claiming that their actions—specifically their insistence that he pay child support in an amount he cannot afford, Mun's refusal to allow him to see his children, and their attempt to have him arrested for filing his most recent lawsuit—have subjected him to unfair incarceration, monetary loss, and "torture," among other things. The amended complaint lists the following thirty-six claims for relief; *to wit*: (1) retaliation; (2) intimidation; (3) abuse of public office; (4) abuse of official capacity; (5) aggravated assault; (6) assault; (7) recklessly endangering another person; (8) interference with custody of children; (9) torture; (10) stalking; (11) criminal coercion; (12) cruel, inhumane or degrading treatment; (13) conspiracy against rights of citizens; (14) deprivation of rights; (15) deprivation of rights under color of law; (16) false swearing; (17) fraud and false statements; (18) malicious prosecution; (19) official misconduct (1st and 2nd degree); (20) perjury of oath; (21) violation of the rights to life, liberty and security of person and peaceful assembly and association; (22) crimes against humanity; (23) intentional infliction of emotional distress; (24) negligent infliction of emotional distress; (25)

tampering with a witness; (26) violation of public trust; (27) violation of constitutional rights and due process; (28) psychological harassment; (29) intentional interference with contractual relations; (30) contempt of court; (31) unjust enrichment; (32) slander; (33) invasion of privacy; (34) negligence; (35) interference with visitation; and (36) alienation of affections.

Plaintiff purports to be raising these claims under state law, federal "common law," several federal statutes, and international treaties and declarations. Specifically, Plaintiff cites as the basis for his claims: (1) the False Claims Act; (2) numerous federal criminal statutes; (3) the Racketeer Influenced and Corrupt Organizations Act (RICO); (4) the Torture Victim Protection Act; (5) the United Nations Charter; (6) the Universal Declaration of Human Rights; (7) the International Covenant on Civil and Political Rights; (8) the Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment; and (9) the Declaration on the Protection of All Persons From Being Subjected to Torture. (Am. Compl. ¶¶ 31 & 42.) He also raises civil rights claims under 42 U.S.C. § 1983. Plaintiff seeks monetary and punitive damages.

## II.     STANDARD OF REVIEW

The Court grants Plaintiff's petition for leave to proceed *in forma pauperis*.

However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a court shall dismiss a complaint at any time if the court determines that the complaint is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). The determination of whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* As Plaintiff is proceeding *pro se*, this Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Despite Plaintiff's attempt to transform the disputes with his ex-wife and her attorney into a federal lawsuit, this Court cannot discern any legitimate basis for a claim under federal law that would support federal question jurisdiction. To the extent Plaintiff is claiming civil rights violations, he must establish that his constitutional or federal rights were violated by the defendants and that the defendants were acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although "[a] private party 'who corruptly conspire[s]' with a state official will be considered a state actor under § 1983," a plaintiff "'must assert facts from which a conspiratorial agreement can be inferred'" in order to state a claim. *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 & 178 (3d Cir. 2010)). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Here, the amended complaint does not establish a plausible basis for concluding that the defendants reached a conspiratorial agreement with any state officials to violate Plaintiff's rights.

The fact that the state courts found in Mun's favor on child support or other issues does not change that fact. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."). Furthermore, although Mun may have made false allegations to police and/or state courts at her attorney's behest, the complaint does not allege facts to support a conclusion that she was acting in cahoots with police or other state officials.[2] Accordingly, the amended complaint does not state a claim under § 1983.

To the extent Plaintiff is attempting to invoke other federal causes of action, his claims are frivolous. First, to the extent Plaintiff is seeking to bring claims under federal criminal statutes, his claims fail because those statutes do not give rise to civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Brett v. Brett*, 503 F. App'x 130, 132 (3d Cir. 2012) (per curiam) ("[C]riminal statutes do not give rise to civil liability."). Second, any civil RICO claims fail because the personal injuries Plaintiff suffered do not constitute injury to "business or property" under RICO, and any related harm to Plaintiff's career were not proximately caused by the alleged racketeering acts. *See Moreno v. Curry*, No. 06-11277, 2007 WL 4467580, at *1 (5th Cir. Dec. 20, 2007) (per curiam) (plaintiff who claimed "his personal income has been injured due to a child support judgment, or demand" could not establish the "requisite causal relationship between his child support obligation and the defendants' alleged predicate acts . . . ."); *Bruneio v. Fenchen*, Civ. A. No. 93-4641, 1994 WL 2518, at *5 (E.D. Pa. Jan 4, 1994) ("[P]ersonal injuries arising from a domestic relations dispute

---

[2] In fact, plaintiff focuses much of his amended complaint on his allegation that Mun and her attorney *attempted* to have him arrested for filing his most recent complaints in state court. It is difficult to conclude that local authorities were acting jointly with the defendants if they did not arrest plaintiff based on their complaints.

are not the type of injuries Congress intended to be actionable under [RICO]."). Third, the above-mentioned federal statutes and sources of international law cited in the amended complaint have no application to this case.[3] *See Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1705 (2012) (the Torture Victim Protection Act "authorizes a cause of action against an individual for acts of torture and extrajudicial killing committed under authority or color of law of any foreign nation." (quotations and alteration omitted)); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004) (Universal Declaration of Human Rights and International Covenant on Civil and Political Rights do not "create obligations enforceable in the federal courts"); *U.S. ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 304-05 (3d Cir. 2011) (explaining that "[t]he primary purpose of the [False Claims Act] is to indemnify the government-through its restitutionary penalty provisions-against losses caused by a defendant's fraud," and that claims under the FCA must be brought in the name of the United States (quotations omitted)); *Pierre v. Att'y Gen. of U.S.*, 528 F.3d 180, 184-85 (3d Cir. 2008) (en banc) (the Convention Against Torture prohibits extradition of a person to another state where there are substantial grounds for believing he would be in danger of being subjected to torture); *Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984) ("[I]ndividual plaintiffs do not have standing to raise any claims under the United Nations Charter . . . ."); *Hawkins v. Comparet-Cassani*, 33 F. Supp. 2d 1244, 1257 (C.D. Cal. 1999) (no cause of action under Universal Declaration of Human Rights and the Declaration on the Protection of All Persons from Being Subjected to Torture), *reversed on other grounds by*, 251 F.3d 1230 (9th Cir. 2001). Finally, this Court is not aware of any other cause of action that would justify a federal claim here.

---

[3] In his claims for relief, Plaintiff also cites statutes relating to employment discrimination and fair housing, and regulations concerning law and order on Indian reservations. Those provisions likewise have no application here.

At most, Plaintiff has stated claims for various torts under state law. However, there is no independent basis for this Court's jurisdiction over those claims.[4] The only possible basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As the amended complaint reflects that the parties are all citizens of Pennsylvania, the Court may not exercise jurisdiction under § 1332.

A district court should generally provide a *pro se* plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court concludes that any amendment would be futile because there is no legitimate basis for a federal claim and no basis for jurisdiction over Plaintiff's state law claims.[5]

## IV. CONCLUSION

For the reasons stated, Plaintiff's amended complaint is dismissed. An appropriate order follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ

---

[4] The Court will not exercise supplemental jurisdiction, having dismissed Plaintiff's federal claims.

[5] It appears from the exhibits attached to the amended complaint that Plaintiff previously filed some of his claims against his ex-wife in state court. (Am. Compl. Ex. H.)